ROGERS *v.* LAMB.

3b 155
150 417

In an action of malicious prosecution for causing the plaintiff to be indicted, &c., he may challenge any of the jurors who were on the grand jury that found the indictment.

If any circumstances can be conceived, under which testimony admitted by the Circuit Court would be admissible in the case, and the record does not show the ground on which it was received, its admission will be presumed to be correct.

In an action of malicious prosecution, the defendant's character is not in issue, and he cannot call witnesses to support it.

The instructions to the jury, having relation to the cause, must be presumed correct, if the record does not show the testimony on the subject.

If instructions to the jury be asked for and refused, and the record do not show that there was any evidence to which they were applicable, they must be presumed to have been irrelevant and consequently improper.

Nov. Term,
1832.

ROGERS
v.
LAMB.

Saturday,
December 15.

In an action of malicious prosecution for causing the plaintiff to be indicted, the Court is not necessarily bound to instruct the jury, that, unless they believe the defendant guilty of perjury, they must find for him, though his evidence was necessary to the finding of the indictment.

ERROR to the *Madison* Circuit Court.

BLACKFORD, J.—This was an action of malicious prosecution, brought by *Lamb* against *Rogers*. The declaration charges that *Rogers*, maliciously and without probable cause, procured *Lamb* to be indicted for forgery; and that he was afterwards acquitted. Plea, not guilty. Verdict and judgment for the plaintiff below.

At the trial, three of the jurors were challenged by *Lamb*, because they had been on the grand jury that found the indictment against him; and the Court sustained the challenge. The cause of challenge, in this case, was good. The jurors objected to, must be considered as having expressed an opinion unfavourable to *Lamb's* right of action.

The Court permitted the plaintiff below to read to the jury an affidavit, which *Rogers* had made in the cause, to obtain security for costs. The record does not show for what purpose this evidence was offered. It may have been to explain testimony given by the defendant. Circumstances may easily be conceived of, under which this affidavit was admissible; and, in support of the judgment below, we must presume that such circumstances existed.

The defendant below offered several witnesses to sustain his character for truth. The defendant's character was not in issue; and the witnesses called to support it were correctly excluded.

The Court instructed the jury, that the conduct of *Rogers*, in making the affidavit to obtain security for costs, might be considered, and that, if the affidavit was false, it was a circumstance against him. As we do not know what testimony there was on the subject of this affidavit, we cannot say the instruction was improper.

The defendant below moved the Court to instruct the jury, that if it was altogether uncertain, so that the jury could not form an opinion, whether the plaintiff was innocent or guilty of the forgery for which he was prosecuted, they ought to find for the defendant. The Court refused this instruction. The record does not show whether there was any evidence before the jury,

to which the instruction asked for could apply. It was upon a
mere abstract proposition, therefore, that the Court was required
to instruct the jury; and the instruction was for that reason, at
any rate, correctly refused.

*Rogers* moved the Court to instruct the jury, that unless they
believed he had committed perjury in giving his evidence on
the prosecution, they could not infer malice, and must find for
him; it being proved that his evidence was necessary to the
finding of the indictment. The motion for this instruction was
properly overruled. *Rogers* may have sworn truly as to some
material fact in the case, and yet have had no probable cause
for the prosecution, and been influenced by malicious motives.
The indictment, for example, may have been found, principally,
on the evidence of other witnesses procured by *Rogers,* and
whose evidence he knew to be unfounded.

*Rogers* also asked for the following instruction:—that if *Lamb*
alleges that it was by *Rogers'* authority, that he affixed *Rogers'*
name to the instrument which *Lamb* was charged with forging,
*Lamb* must prove that fact, or the jury will presume otherwise.
This instruction was refused. The Court may have refused this
instruction, on the ground that *Lamb* did not allege the fact
stated. If there was no evidence before the jury to which the
instruction asked for was applicable, the Court could not be
required to give the instruction. If there was any such evidence,
the record should show it (1).

*Per Curiam.*—The judgment is affirmed with costs.

*H. Brown* and *W. W. Wick,* for the plaintiff.

*C. Fletcher,* for the defendant.

(1) The Supreme Court of the *United States,* on this subject, says:—"It is
objected, that there was no evidence in the case, conducing to prove the facts on
which the above instruction was founded.

"The Court ought not to instruct, and indeed cannot instruct on the suffi-
ciency of evidence; but no instruction should be given, except upon evidence in
the case. Where there is evidence on the point, the Court may be called on to
instruct the jury as to the law, but it is for them to determine on the effect of the
evidence." *Chesapeake, &c.* v. *Knapp et al.* 9 Peters, 568.