.May Term,
1845.

JOYCE
v.
HUFFORD.

---

## Joyce and Another *v.* Hufford and Another.

After a judgment had been obtained in the Probate Court against an administrator, and an execution awarded and issued against the real estate of the deceased, the administrator filed a complaint, under the statute, for the purpose of settling the estate as insolvent. *Held,* that, on motion of the administrator, the execution should be set aside. *Held,* also, that the lien of the judgment was destroyed by the filing of the complaint.

*Friday,*
*May* 30.

ERROR to the *Hendricks* Probate Court.

SULLIVAN, J.—At the *May* term, 1841, of the *Hendricks* Probate Court, the plaintiffs obtained a judgment against the defendants as the administrators of one *Enoch Barlow*, deceased, upon which an execution of *fieri facias* was issued, and was returned *nulla bona*. A *scire facias* was then issued against the heirs and terre-tenants, requiring them to appear and show cause why execution should not go against the real estate of the deceased. At the *November* term, 1841, judgment was rendered, and soon thereafter an execution was issued commanding the sheriff to sell the real estate. At the *February* term, 1842, the administrators filed their petition, accompanied by the necessary schedule and inventory, setting forth that the estate was insolvent, and praying for relief, &c. At a subsequent term of the Court, a motion was made by the defendants to set aside and recall the execution that had issued on the judgment rendered at the *November* term, 1841, which motion was sustained by the Court, and the plaintiffs excepted.

May Term,
1845.

JOYCE
v.
HUFFORD.

The Probate act of 1838, under which these proceedings were had, section 34, provides that whenever any executor or administrator shall discover that the real and personal property of any decedent, which is or may be made assets in his hands, will not pay the demands outstanding against the estate, he shall proceed to make such real estate assets for the payment of said demands by instituting proceedings for that purpose, and shall also forthwith file his complaint setting forth the condition of the estate, &c., and praying generally for relief; whereupon the Court shall cause a notice of the pendency of said complaint to be published, and, from the date of the filing of the complaint, no suit or action shall be brought or sustained against such executor or administrator, unless waste, negligence, or fraud, in the discharge of his trust, be alleged against such executor or administrator; and any execution that may have issued out of the Probate Court against such executor or administrator, to be levied of the estate of the decedent in the hands of such executor or administrator, shall be recalled, &c. In *Remy* v. *Butler, November* term, 1843, this Court decided that a suit pending against an administrator on a promise made by the intestate, no waste, negligence, or fraud being alleged against the administrator, abated by the filing of the administrator's complaint for the purpose of settling the estate as insolvent. The question now to be considered is, whether an execution issued on a judgment against the heirs and terre-tenants of the deceased to sell the real estate, is embraced by the statute, or whether it is to be confined in its interpretation to executions on judgments against the executor or administrator only. We are of opinion, that the statute is intended to embrace any judgment or execution that may reach the personal or real estate of the decedent, that may be made assets in the hands of the executor or administrator for the payment of debts. When the property of a decedent, real and personal, is insufficient to pay his debts, the statute contemplates a fair and equal distribution among his creditors, and if the construction that is contended for should be given to the statute, that object would be defeated.

The judgment of the Probate Court is said to be erroneous also, because it devests the lien which the plaintiffs acquired by their judgment on the real estate. Judgment-liens are

May Term,
1845.

matters of statutory regulation, and where, from the spirit of a statute, it is manifest that, under certain circumstances, no lien is intended, none exists. We understand the statute that governs this case, where proceedings are had in conformity to its provisions, to destroy the lien which the judgment-creditor, under other circumstances, might have acquired.

We think it proper to remark, that this case does not involve the question whether a lien on the real estate of the deceased, created by a judgment against him in his lifetime, is devested by the filing a petition by an administrator to settle the estate as insolvent. Upon that question no opinion is intended to be expressed.

*Per Curiam.*—The judgment is affirmed with costs.

*C. C. Nave*, for the plaintiffs.

*E. W. M‘Gaughey*, for the defendants.