May Term,
1851.

RHODES
v.
THOMAS.

*J. L. Jernegan*, for the plaintiff.

RHODES and Another *v.* THOMAS.

Parties to a written contract not under seal may, after its execution, dis-
solve, or waive, or discharge, or qualify, the contract or any part of the
same by a new verbal contract, and such waiving, &c., if made before
breach, will be a good defence in a suit on the contract.

*Friday,*
*June 27.*

ERROR to the *Miami* Circuit Court.

BLACKFORD, J.—*Thomas* brought an action of assumpsit
against *Rhodes* and *Jackson* on a written contract, not un-

der seal, made on the 2d of *January*, 1848. The substance of the contract was, that the defendants were to furnish the plaintiff with water-power and machinery to run a bowl-lathe at a certain place, for one year from the 1st of *January*, 1848, whenever there should be a surplus of water, &c., and, also, to furnish the plaintiff with suitable blocks from which to make the · bowls. The plaintiff was to furnish the necessary tools for carrying on the business, make the bowls, and deliver one-third of them to the defendants when finished.

The declaration contains a general allegation of performance by the plaintiff of all things on his part to be performed, and assigns as a breach on the part of the defendants, that the blocks were not furnished for a certain part of the time during which they were to have been furnished.

The defendants pleaded the general issue, and six special pleas in bar. The special pleas, except the sixth, led to issues of fact. The sixth plea was demurred to and the demurrer sustained. The cause was tried, and a verdict and judgment rendered for the plaintiff.

The first error assigned is, that the demurrer to the sixth plea should have been overruled. The substance of that plea is, that on the 27th of *January*, 1848, the parties made another contract relative to said lathe, by which, from that time, the plaintiff was to have the entire use of said lathe and the proceeds of the furniture he might make thereon, and the use of the surplus water, free of charge; that, in consideration thereof, the defendants were released by the plaintiff from furnishing said blocks in pursuance of the agreement; and that, during the residue of the time, the defendants furnished the blocks, &c.

There can be no doubt but that this plea contains a good defence to the action. It shows a performance, as to part of the time, of the promise alleged to have been broken, and a discharge, for a sufficient consideration, as to the residue of the time. The circumstance that the original contract was in writing, did not prevent the par-

May Term,
1851.

RHODES
v.
THOMAS.

ties, afterwards and before the breach, from dissolving, or waiving, or discharging, or qualifying the contract, or any part of the same, by a new verbal contract. *Goss* v. *Lord Nugent*, 5 Barn. & Adolphus, 58.—Note to *Mahan et al.* v. *Sherman*, 7 Blackf. 382. But still, though the plea contain a good defence, the defendants have not been injured by the sustaining of the demurrer to it. The general issue was pleaded, and the matter of the sixth plea was admissible in evidence under the general issue. Mr. *Chitty*, after enumerating a great many defences, which, previously to the new rules of pleading, were admissible in evidence under non-assumpsit, says—" Hence it may be collected that under the general issue any matter which showed that the plaintiff *never* had cause of action, might be given in evidence; and also that under that plea most matters, even *in discharge* of the action, and which showed that, at the time of the commencement of the suit, the plaintiff had no subsisting cause of action, might be taken advantage of." 1 Chit. on Plead. 478. The same doctrine is stated in Gould on Plead. 329 to 332. That being the law, the incorrect decision as to the sixth plea is not assignable for error under the statute of 1843. *Shanklin* v. *Cooper*, 8 Blackf. 41.—*Cohee* v. *Cooper*, id. 115.

The declaration is objected to on the ground that it does not aver a demand of the blocks. But this objection is not tenable. Without stoping to inquire whether such a demand was necessary or not, it is, at all events, a sufficient answer to the objection, that the declaration contains a general averment of performance by the plaintiff of all things on his part to be performed. If the defendants wished a more specific averment as to any part of the plaintiff's duty, they should have demurred specially.

It is also assigned for error, that several instructions to the jury, asked for by the defendants, and which were refused, ought to have been given. The transcript does not contain the evidence, and we must therefore presume that the instructions were rightly refused. *Rogers* v.

OF THE STATE OF INDIANA. 641

*Lamb*, 3 Blackf. 155.—*Marquis* v. *Rogers*, 8 id. 118.—*The State* v. *Beakmo*, id. 246.

May Term, 1851.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*H. J. Shirk*, for the plaintiffs.
*A. A. Cole*, for the defendant.