WARD *v.* WALTON.

The parties to a written contract, not under seal, may, before breach, enter into a valid oral contract providing for its discharge by the delivery of property, or in any other manner.

By agreement between the maker and payee of a promissory note, after its execution, the payee was to receive lumber in satisfaction of the note; and the maker, before the note became due, had substantially performed his part of the agreement. *Held*, that such performance was a sufficient defence in a suit against the maker by an assignee to whom the note had been indorsed after it became due.

APPEAL from the *Randolph* Circuit Court.

DAVISON, J.—*Ward* sued *Walton* before a justice of the peace, on a promissory note for the payment of 25 dollars. The note was dated *June* 29, 1847, and payable to *Wolf* and *Shaw*, two years after the 1st of *January*, 1848, and by them, on the 2d of *January*, 1850, assigned to the plaintiff.

The defendant before the justice filed six special pleas. The first, second, third and sixth pleas will not be noticed, as they present no point in the case.

The fourth plea states that the defendant had paid the note to *Wolf* and *Shaw* before notice of the assignment,

by selling and delivering to them certain plank lumber, specified in the plea, and that they accepted and received the same in full satisfaction of the note.

The fifth plea alleges that the defendant paid the note to *Wolf* and *Shaw* before notice of the assignment, as follows : 30 dollars in plank, 20 dollars in money, 10 dollars in wheat, and 10 dollars in wood, which he prays may be made a set-off against the note. The defendant was also entitled to the general issue.

The justice gave judgment for the defendant. The plaintiff appealed. In the Circuit Court the cause was submitted to the Court by consent of the parties. The Court found for the defendant. *Motion for a new trial overruled, and judgment on the finding of the Court.*

There is a bill of exceptions, which professes to contain all the evidence in the cause.

The following are believed to be the material facts in this case. Sometime in the fall of 1848, *Wolf* and *Shaw* entered into a contract with the defendant to receive of him plank lumber in payment of said note. The plank was to be five-eighths of an inch thick, and to be estimated at the price of 62 and one-half cents per hundred, at the mill, or 75 cents, delivered. In *May*, 1849, the defendant, in pursuance of that contract, delivered to them four hundred and eighty feet of plank, of the value of 3 dollars and 60 cents. About the 1st of *January*, 1850, *Wolf* and *Shaw* notified the defendant that they should not want the plank, not sawed, until the summer of 1850; to stick what was to be sawed up at the mill, and bring on the lumber then sawed. The plaintiff, in *January*, 1850, gave the defendant notice of the assignment of the note. On the 2d of *February*, 1850, the defendant delivered to *Wolf* and *Shaw* one thousand, six hundred and ten feet of plank, worth 12 dollars and 7 cents, and on the 3d of *March* following, five hundred and seventy feet, worth 4 dollars and 20 cents. At that time the defendant had at his mill one thousand, four hundred and forty-two feet of plank, of the value of 10 dollars and 81 cents, stuck up and ready to be delivered to *Wolf* and *Shaw*, upon their order. In *March*, 1850,

the plaintiff called on the defendant for payment of the note, when the defendant told him to hold on until the next week, and he would pay it. He also stated that Shaw had agreed to take payment of the note in lumber.

It seems to us that the contract set up by the defence, constituted a valid bar to the action. The note was a contract, not under seal, and it was, no doubt, competent for the parties, before breach, to enter into a verbal contract providing for its discharge, by the delivery of property, or in any other mode agreed on between them. Such contract was made; and the evidence shows that under it the defendant delivered to *Wolf* and *Shaw* two thousand, six hundred and sixty feet of plank, a part of which was delivered before the note was due. It is also shown that the defendant, in accordance with their directions, had sawed and on hand one thousand, four hundred and forty-two feet of lumber, to be delivered to them upon their order; and that the value of the plank delivered and on hand for delivery was, at least, equal in amount to the note and interest.

In *Rhodes* v. *Thomas*, 2 Ind. 638, it was held, that "parties to a written contract, not under seal, may, after its execution, dissolve, or waive, or discharge, or qualify the contract, or any part of the same, by a new verbal contract, and such waiving, &c., if made before breach, will be a good defence in a suit on the contract." This authority we regard as decisive of the question before us.

The facts presented by the record, in our opinion, produce a strong case. Here was not only a new verbal contract for the discharge of the note in plank, entered into before the note was due, but, at least, a substantial performance of it by the maker of the note.

The evidence shows that in *March*, 1850, the plaintiff called on the defendant for payment of the note, when he told him to hold on until the next week, and he would pay it; at the same time stating that *Shaw* had agreed to take lumber for the note.

The plaintiff contends that this promise should have been considered binding on the defendant to pay the note

May Term,
1853.
_____

to the plaintiff. We are not of that opinion. That promise does not appear to have been founded upon any consideration; nor does it appear that the proposal to the plaintiff, " to hold on until the next week," was accepted by him. And, moreover, the statements of the defendant, on the occasion referred to, when taken together, obviously show that he did not intend to admit that he was liable to pay the note.

We think the motion for a new trial was correctly overruled.

*Per Curiam.*—The judgment is affirmed with costs.

*D. Kilgore* and *W. A. Peelle*, for the appellant.

*B. McClelland*, for the appellee.