DEWEESE *v.* CHEEK.

ACCORD AND SATISFACTION.—*Agreement.*—The plea of accord and satisfaction must allege that the thing the creditor may have agreed to receive of the debtor in satisfaction of the debt was received.

APPEAL from the Decatur Common Pleas.

WORDEN, J.—Suit by the appellee against the appellant upon an acceptance by the latter of an order or bill of exchange drawn upon him by Jacob Deweese in favor of the plaintiff. The abstract in the cause sets out the following answer, to which a demurrer was sustained, and this ruling constitutes the only supposed error complained of, there having been final judgment for the plaintiff, viz.:

"The defendant, further answering, says, that he did execute and accept the order in suit, but before it matured, and after its acceptance, he and said plaintiff, for a good and valuable consideration, contracted and agreed that it should be paid and satisfied by the payment to him of the sum of eighteen dollars and forty cents in cash, and the delivery to

the plaintiff of an order then and there held by this defendant, of which the following is a copy, viz.:

"'No. 35, Trustees' Office for Sandcreek township, $100. Decatur county, Indiana, November 22, 1865. This certifies that there is due, September 1st, 1866, John F. Deweese, from this township, one hundred dollars military. The draft of March 22d, 1865, payable as soon as there may be funds on hand.                           JOHN CHEEK,
                                  'Trustee of Sandcreek Township.'

"That said defendant paid said plaintiff said sum of eighteen dollars and forty cents, and tendered him said order before the commencement of this suit; that said plaintiff received said eighteen dollars and forty cents, but refused to accept said order; that said defendant brings said order into court for said plaintiff in discharge of his agreement, and asks to be discharged with his costs."

This answer seems to be radically bad. It is a plea of accord without satisfaction. To make out the defense of accord and satisfaction, the thing to be taken by the creditor in satisfaction of the debt must have been received by him; otherwise the debt is not barred. This doctrine is elementary. 2 Parsons Con. 681, and note e; Woodruff v. Dobbins, 7 Blackf. 582.

The judgment below is affirmed, with costs.

C. Ewing, J. K. Ewing, J. S. Scobey, B. W. Wilson, and E. R. Monfort, for appellant.

W. Cumback, S. A. Bonner, J. Gavin, and J. D. Miller, for appellee.