Moody *et al. v.* State, *ex rel.* Burton.

---

No. 9176.

## MOODY ET AL. *v.* STATE, EX REL. BURTON.

GUARDIAN AND WARD.—*Breach of Bond.—Pleading.*—It is a sufficient averment of breach of a guardian's bond, in a suit on the relation of one of the wards, that the guardian had been removed from the trust and had not accounted to the wards, nor to any one for them, for moneys which had come to his hands.

SAME.—*Capacity of Relator to Sue.*—Unless specially denied, the capacity of a plaintiff to sue is not in issue; and so in an action upon the bond of a guardian who has been removed, brought on the relation of one of the wards, the complaint need not show that the relator had become of age.

SAME.—*Liability on Different Bonds.—New Bond Given on Discharge of Surety on two Earlier Bonds.*—Where a part of the moneys with which a guardian is charged has come from the sale of real estate, and one who had been surety upon both the general bond and the additional bond has been discharged from liability, and a new bond executed by order of the court, the last named bond covers the liability of the guardian for all moneys or property of the trust in his hands at the time of its execution.

SAME.—*Separate Action.*—*Recovery Must be for Entire Liability.*—In an action upon a guardian's bond, as upon the bond of an executor or administrator, brought upon the relation of one of the parties interested, the recovery must be for the entire present liability, and the fund collected brought into court for distribution. *Cotton* v. *State, ex rel.,* 64 Ind. 573, modified on this point.

SAME.—*Evidence.*—*Date of Record.*—*Silence of Bill of Exceptions.*—*Presumption.*—*Supreme Court.*—Where on appeal from a judgment in an action upon a guardian's bond, the bill of exceptions does not show the date of an order for the removal of the guardian, the original entry of which was read in evidence without objection, it will be presumed that the order was made before the bringing of the suit.

SUPREME COURT.—*Want of Evidence on Uncontested Point.*—A judgment will not be reversed for want of direct evidence on a point which it is apparent was not a subject of dispute at the trial.

From the Orange Circuit Court.

*M. B. Williams, W. Farrell* and *A. Noblitt,* for appellants.

*T. B. Buskirk,* for appellee.

WOODS, C. J.—Action upon a guardian's bond. The appellants, who were sureties upon the bond, have assigned error that the complaint does not state facts sufficient, and that the court erred in not carrying the demurrers to certain answers, which were held bad, back to the complaint, and sustaining the same to that pleading.

The substantial averments of the complaint are these:

That, on the 7th day of July, 1870, the defendant James M. McCart was duly appointed by the common pleas court of Orange county the guardian of the relator and two others named, minor heirs of David Duncan, deceased, and afterwards, on the 15th day of January, 1876, by the order of the Orange Circuit Court, executed his bond, a copy of which is filed, with the appellants as his sureties thereon; that said guardian came into possession of the sum of $4,000 belonging in equal parts to said wards; that afterwards, on the 30th day of November, 1878, at the November term of the court, said guardian was, by order of the court, on the petition of said wards, removed from his trust as such guardian; that the said guardian has committed the following breaches of his bond:

Moody *et al. v.* State, *ex rel.* Burton.

*First.* That, notwithstanding the relatrix has arrived at the age of twenty-one years, and has demanded from him the money and estate in his hands belonging to her and the other wards, he has failed to account for or pay the same to the relatrix, or to any one for her.

*Second.* That, notwithstanding the removal from his trust, he has wholly failed and refused to account or pay to this relatrix and the other wards, or to any of them, or to any other person for them or any of them, the money and estate, or any part thereof, in his hands belonging to them, though requested so to do. Wherefore, etc.

The objection that a copy of the bond was not filed with the complaint has been obviated by the return to a writ of *certiorari.*

The other objections made to the complaint are, that it does not show a right in the relatrix to bring the action; nor that, at the time of his removal, McCart had in his hands, *unexpended,* any sum of money belonging to the relatrix; nor that, on his removal, he failed to pay into court the money in his hands; nor that he had refused, on demand, to account for and pay over all moneys belonging to the relatrix in his hands at the time of his removal; nor that he has not accounted for and paid over all moneys in his hands to a successor duly appointed; nor that he has not accounted to and paid over all moneys belonging to the relatrix to her husband.

None of these objections are tenable. In order to show her right to bring the action, it was not necessary to state how it was that, bearing the name Burton, she was an heir of Duncan; it was enough to allege her heirship, and that Mc-Cart was appointed her guardian; and, as to the other objections, the matter of them is covered by the averment that certain moneys came into his hands for her and the other wards which he had not accounted for to them, nor to any one for them.

It is claimed that a new trial should have been granted for want of evidence to support the decision.

*First.* It is insisted that the relatrix did not prove that she was one of the wards interested.

There is in the record, it is true, no direct evidence on the point; but it is shown that, on the trial, credits were claimed and allowed to the guardian for sums paid out on her account, and other circumstances sufficiently show that, notwithstanding the answer of general denial, her right to sue was not, at the trial, disputed.

It was not necessary, under either of the alleged breaches of the bond, to show that the relatrix had arrived at the age of twenty-one years. The complaint contains the averment that the guardian had been removed from his trust; and this averment enters into and constitutes a part of the statement of the alleged breaches, which are each made good by the averment that the guardian, so removed, had failed to account to any one for her share of the funds in his hands. She was not bound to make proof of her age in order to show her capacity to act as relatrix in the case. The capacity to sue will be presumed, unless specially disputed.

The order for the removal of McCart from his trust was put in evidence, but the record. before us does not show the date of it; and upon this it is claimed that the proof fails to show a removal before the commencement of the action. The original order was put in evidence. The court, therefore, necessarily took cognizance of its date. Unless made before the commencement of the action, it was not admissible in evidence; it was admitted without objection, and we will, therefore, not disturb the finding, because the date does not appear in the transcript.

It is claimed that the damages are excessive, because in the amount thereof are included sums derived from the sale of real estate, for which the appellants insist they are not liable.

Upon his appointment in 1870, the guardian gave a bond in the sum of $500. On the 9th day of November, 1872, he obtained an order for the sale of real estate, and executed an additional bond in the sum of $3,840, signed by Benj. F.

Wilson and others, as sureties. On the 1st day of May, 1873, he executed a third bond in the sum of $2,000, conditioned for the faithful discharge of his duties as guardian of said wards, signed by Benj. F. Wilson and others, as sureties. On the 15th day of January, 1876, the court ordered the release of said Wilson "from all liabilities as surety on the bond of said James M. McCart, guardian," etc., and at the same time required and approved the bond now in suit, which was then executed in the sum of $2,500, conditioned for the faithful discharge of the duties of said guardian in respect to the persons and property of his said wards.

The proceeds of the sale of real estate had come into the guardian's hands before the execution of this bond, and, by reports subsequently filed, were shown to be still in his possession.

Counsel for the appellee insist that a general bond, conditioned for the faithful discharge of the duties of a guardianship, executed after the proceeds of a previous sale of real estate by the guardian have been realized, and while they yet remain in his hands to be accounted for, must be regarded as covering the liability of the guardian to account for such funds; in other words, that a general bond, given at any time, covers all funds or personal assets, from whatever source derived, if in the hands of the guardian at the time the bond is made.

Whether the liability under such bond goes to the extent claimed, we need not now decide. See *Allen* v. *State, ex rel.,* 61 Ind. 268 (28 Am. R. 673). In the case before us, it appears that one of the sureties, both upon the general bond and the bond given for the sale of real estate, had, on his own petition, been discharged, and, while the order of discharge is not explicit on the point, we think it should be regarded as a discharge from liability upon both bonds which the applicant for discharge had signed; and the bond in suit, having been required and given under such circumstances, should be regarded

as covering the liability of the guardian for all money or property then in his possession under the trust.

The next point made is that the relatrix was entitled to recover only what was due to herself, while by the finding and judgment she recovered, to the extent of the penalty of the bond, the entire amount coming to herself and the other wards. There are the following statutory provisions on the subject: "Any bond given by any guardian may be put in suit by any person entitled to the estate; and such suit shall be governed by the law regulating suits on the bonds of executors and administrators." R. S. 1881, sec. 2527.

"Such suit" (upon the bond of an executor or administrator) "may be brought by and on the relation of any such creditor, heir, legatee. * * And the measure of damages in all such suits shall be the value of the property converted, destroyed, embezzled, or concealed; the injury sustained by the estate, or any person interested therein; interest on money retained; such exemplary damages as the court or jury trying the case may be willing to give; and ten per centum on the whole amount assessed." R. S. 1881, sec. 2459.

Sec. 2460. "No stay of execution or benefit of valuation or appraisement laws shall be allowed on a judgment on such bond as to the property of the principal; and all damages so collected shall, by the officer collecting the same, be paid into the proper court, when, after deducting and paying to the relator in such suit a reasonable compensation for his services therein, it shall be disposed of according to the laws regulating the distribution of the property of the decedent."

Under these provisions, it is clear that the recovery must be for the entire amount for which the principal obligor in the bond is liable, and the fund collected must be paid or brought into court for distribution among the parties concerned, according to their respective interests. This practice may just as well apply, and, therefore, by force of section 2527, *supra,* does apply to a suit upon the bond of a guardian as to an action on the bond of an administrator. The suit is in the

name of the State upon a bond in terms payable to the State, and any one interested may bring the action on his own relation, and, when brought, it is for the benefit of all.

It would seem necessarily to follow, though we need not now decide, that the judgment rendered is binding upon all in respect to the matters in issue; and, consequently, that a suit upon such bond must be for all existing breaches, and for the entire amount of the liability, though there may doubtless be subsequent actions for after-committed breaches, so long as the penalty of the bond shall not have been exhausted. Such, in part at least, was the case of *Cotton* v. *State, ex rel.,* 64 Ind. 573, which, so far, is in harmony with these statutory provisions, though no reference is made to them in the opinion. *Colburn* v. *State, ex rel.,* 47 Ind. 310, decides nothing on the point.

The wisdom of the requirement that any suit brought upon such bond shall be for the benefit of all concerned, is exemplified by this case. The evidence shows that the entire liability of the guardian exceeded the penalty of the bond; and, in such cases, the relator who could first obtain a judgment, in an action for his sole benefit, would gain an undue and inequitable preference; and, on the other hand, if, for alleged existing breaches, a separate suit could be brought on the relation and for the use of each beneficiary of the bond, there might be a needless and burdensome multiplicity of actions concerning the same matters, brought one after another by each ward, so long as the statute of limitations had not barred the claim of the youngest; and in a case where the guardian was not in default as charged, such proceedings might be made oppressive, if not disastrous, to him and his bondsmen; and, if he were in the wrong, an end of the litigation would be no less desirable and beneficial.

Judgment affirmed.