Jackson *v.* Olmstead *et al.*

---

No. 10,068.

JACKSON *v.* OLMSTEAD ET AL.

JUDGMENT.—*Date of.*—*Evidence.*—*Supreme Court.*—*Presumption.*—Where, in
an action upon a judgment, the bill of exceptions on appeal fails to show
the date of the judgment, read in evidence without objection, the Su-
preme Court will not, for such reason, reverse the judgment, but pre-
sume that it was rendered before the commencement of the action
thereon.

SAME.—*Payment.*—*Accord and Satisfaction.*—*Pleading.*—*Proof.*—In such ac-
tion, under a plea that the judgment sued on had been compromised and

Jackson *v.* Olmstead *et al.*

discharged by the payment of a sum named to the judgment plaintiffs jointly, it is not competent to show an accord and satisfaction as to a part of the judgment under an agreement with one or both of such plaintiffs. To constitute a complete bar or defence the accord must have been fully executed.

From the Clark Circuit Court.

*J. H. Stotsenburg,* for appellant.

WOODS, C. J.—The appellees sued the appellant upon a judgment alleged to have been recovered in the Clark Circuit Court on the 13th day of April, 1869. The appellant, besides the general denial and payment, answered that "before the commencement of this suit, in pursuance of a compromise then had by and between said plaintiffs and defendant, the defendant paid the plaintiffs the sum of $2,000, in full satisfaction and discharge of the judgment sued on."

Without demurring, the plaintiffs joined issue; the court found for the plaintiffs, and gave them judgment for the sum of $7,604. The appellant moved for a new trial, because of excessive damages and of want of evidence to sustain the finding.

The first objection made to the evidence is that it does not show when the judgment was rendered which was put in evidence. It is shown, however, that the plaintiffs read in evidence the entry of the judgment "from order-book 16 of the Clark Circuit Court, page 43, which was duly proven by the clerk of the court." No objection was made by the appellant to the evidence; and, as the original entry was produced and read, it is manifest that the date of the rendition was before the court. It will, therefore, be presumed, notwithstanding the failure of the bill of exceptions to show the date, that the judgment was rendered before the commencement of the action, and was properly admissible. *Moody* v. *State, ex rel.,* 84 Ind. 433.

The evidence fails to show the alleged compromise and satisfaction of the judgment by the payment of a smaller sum than was due. It does appear that a compromise was agreed upon between the parties, whereby the appellant was to pay

the costs of certain legal proceedings subsequent to the date of the judgment, and was also to pay to the appellee Olmstead a certain sum, and to O'Conner another sum, which they agreed to accept in full each of his respective share or interest in the judgment; and, accordingly, the appellant did pay the costs, and to Olmstead the sum stipulated, but to O'Conner he paid less than half of the sum which he undertook to pay.

Counsel for the appellant argues that, the entire sum having been paid to Olmstead, which he agreed to accept in full of his half of the judgment, that part of the judgment, at least, should have been treated as discharged by such payment. It is a sufficient answer to this that the pleadings involved no such issue.    The answer alleges a joint compromise, made with the judgment plaintiffs as having a joint and single interest, and that the sum named had been paid in discharge of the entire judgment.    Under this plea, it was not competent to show an accord and satisfaction as to a part of the judgment, under an agreement with one or both of the judgment plaintiffs.    An accord can not constitute a bar, or complete defence, unless shown to have been fully executed.    *Woodruff* v. *Dobbins,* 7 Blackf. 582; *Harbor* v. *Morgan,* 4 Ind. 158; *Coquillard's Adm'rs* v. *French,* 19 Ind. 274; *Deweese* v. *Cheek,* 35 Ind 514.

Upon the failure of the appellant to pay the sums stipulated, the remedy of the appellees was not an action for the sum or sums so agreed to be paid; but they were remitted to their original rights under the judgment, as if the accord had never been agreed upon, and, for the payments made by the appellant, were required simply to give credits upon the judgment.

Judgment affirmed.

HOWK, J., did not participate in this decision.