Anderson *et al. v.* Scholey.

No. 13,243.

## ANDERSON ET AL. *v.* SCHOLEY.

NEGLIGENCE.—*Carrier and Passenger.*—*Injury from Overturned Coach.*—*Complaint for Damages.*—A complaint alleging the existence of the relation of passenger and carrier between the plaintiff and defendant, and that the former was injured by the overturning of the latter's stage-coach, states a *prima facie* case against the carrier, without alleging the precise manner in which the particular acts of negligence charged resulted in the accident and injury.

SAME.—*Efficient Driver.*—*Duty of Carrier to Provide.*—It is not a defence to an action for damages that the driver, the night being dark, suffered the suggestions of the passenger to lead him off the roadway, as it was the duty of the carrier to supply the coach with a driver who himself knew the way.

SAME.—*Accord and Satisfaction.*—*Instruction to Jury.*—Accord and satisfaction being pleaded, an instruction to the jury that if the plaintiff had agreed to accept payment of his doctor's bill, and the right to ride in the defendant's coaches for a time fixed free of charge, in full satisfaction of his claim for damages, he would not be entitled to recover, provided the agreement had been executed, is correct.

SAME.—*Failure to Provide Lights.*—*Assumption of Risk.*—The fact that the carrier habitually used coaches to which no lights were attached, and that the plaintiff had knowledge of the custom, when he became a passenger, does not relieve the carrier of liability, unless the failure to provide lights was such a glaring deficiency as to make it apparent to prudent persons that the journey without them could not be taken with safety.

From the Dearborn Circuit Court.

*N. S. Givan* and *S. H. Stewart*, for appellants.

*J. B. Coles, G. M. Roberts* and *C. W. Stapp*, for appellee.

MITCHELL, C. J.—This was an action by William Scholey against Mason W. Anderson and Timothy McHenry to recover damages for an injury sustained by the overturning of a stage-coach in which the plaintiff was being carried as a passenger, and of which Anderson and McHenry, who were partners, were the proprietors.

The complaint charges that the defendants undertook to

carry the plaintiff from the city of Aurora to Rising Sun on the evening of the 15th day of January, 1885, and that by reason of the negligence of the defendants in failing to provide lights, the night being dark, so as to enable the driver to see and keep in the road, and by providing unreliable horses, and a negligent and inefficient driver, the vehicle was upset, whereby the plaintiff was severely injured.

The defendants answered the general issue, and specially, by way of accord and satisfaction, that, before the bringing of the suit, by agreement between the plaintiff and defendants, the latter had paid the charges of the physicians for their services in waiting upon the plaintiff after he had received the injuries complained of, and had, also, permitted him to ride in their coaches from Rising Sun to Aurora and return free of charge, which payment of the physicians' bill and riding free of charge had been accepted by the plaintiff in full satisfaction of all liability of the defendants on account of the injuries complained of.

Without demurring to the special answer, the plaintiff replied in denial, and, upon trial by a jury, the latter had a verdict in his favor. From the judgment which followed this appeal is prosecuted.

On behalf of the appellants, it is first contended that there is no connection shown between the particular acts of negligence charged and the injury complained of, and hence that the court erred in overruling the demurrer to the complaint. The point is not well made.

The gravamen of the complaint is, that, while the relation of passenger and carrier existed between the plaintiff and the defendants, the former was injured by the negligent overturning of the vehicle in which he was being carried. The relation of carrier and passenger having been established, the fact that the passenger sustained an injury by the overturning of the carriage made a *prima facie* case of negligence against the carrier.

The carrier then assumed the burden of showing that he

used all reasonable and practicable precaution in providing a sufficient conveyance, together with safe horses, and other suitable and proper appliances for the journey, and that the driver was qualified for the position, and that he acted with reasonable skill and caution ; in short, it became the duty of the carrier to rebut the presumption of negligence which arose from the happening of the accident, by showing that the injury was not occasioned by any want of skill or prudence on the part of the driver, or by any neglect or want of practicable care or foresight on the part of the carrier. *Cleveland, etc., R. R. Co.* v. *Newell,* 104 Ind. 264 (54 Am. R. 312), and cases cited; *Woolery* v. *Louisville, etc., R. W. Co.,* 107 Ind. 381; *Louisville, etc., R. W. Co.* v. *Pedigo,* 108 Ind. 481; *Stokes* v. *Saltonstall,* 13 Pet. 181.

The omission to state just how the defendants' failure to supply the carriage with lights on a dark night, or to furnish safe and tractable horses and a careful and efficient driver, resulted in the overturning of the carriage, did not make the complaint bad. They were causes adequate to have produced the injurious result. It was the duty of the defendants to explain the causes of the accident, so far, at least, as to show that it was not attributable to any omission on their part, or on the part of the driver, who was their agent.

Concerning the contention that the evidence does not sustain the verdict, it is enough to say, if the jury believed the plaintiff's testimony in relation to the occurrence, there can be no doubt but that the verdict is abundantly sustained. It is true the driver testified that he was in the road, pursuing the right track, and that he pulled to the left, thereby upsetting the conveyance over the bank, because the plaintiff told him repeatedly he was too far to the right. The plaintiff denies this. However the fact may be, it was the duty of the defendants to supply the coach with a driver who knew the way for himself, and who would not be controlled by the suggestion of a passenger on the inside, while he occupied the seat charged with the duties and responsibility of driver.

Anderson *et al. v.* Scholey.

So, in respect to the alleged compromise, while the plaintiff admitted that the defendants paid the expenses of the doctor for setting his shoulder, and that he had been permitted to ride gratuitously from Rising Sun to Aurora on several occasions, he denied that this had been done under an agreement to compromise his claim against the defendants for damages.

On the appellee's behalf it is insisted that the second paragraph of answer did not state facts sufficient to constitute a defence, and that even if the facts therein pleaded had been proved, the refusal to grant a new trial would not have constituted reversible error. However that might be, the jury manifestly found, upon the strength of the plaintiff's evidence, that they were not proved.

The plaintiff testified that the doctor's bill was paid by the driver, and that he, plaintiff, promised at the time to repay him.

Some of the instructions given by the court to the jury are made the subjects of unfavorable comment. Without setting them out in detail, it is only necessary to say they relate for the most part to the degree of care the law exacts of a carrier of passengers.

The jury were told, in one of the instructions to which objection is made, that a company or corporation, or one or more persons engaged in transporting passengers for hire from one point to another, constituted such company, corporation, or person a common carrier of passengers, and that the omission of any reasonably practicable precaution tending to insure the safety of passengers, was such neglect as would make a common carrier liable to a passenger who was injured therefrom without fault.

There was nothing objectionable in this instruction, nor was there in any of the others in which the court defined the duties of carriers of passengers.

Relevant to the plea of accord and satisfaction, and the evidence pertaining thereto, the court instructed the jury to the

effect that if the plaintiff had agreed to accept payment of his doctor's bill, and the right to ride in the defendants' coaches, for a time fixed, free of charge, in full satisfaction of his claim for damages, then he would not be entitled to recover, provided the agreement had been executed.

The doctrine is elementary, that in order to make out the defence of accord and satisfaction, it must be shown that the agreement to accept something of value in satisfaction of the liability incurred has been fully executed, and that the thing to be so taken has been accepted and received. *Jackson* v. *Olmstead*, 87 Ind. 92; *Deweese* v. *Cheek*, 35 Ind. 514.

We have examined the other instructions complained of, and find them correct, within the principles heretofore expressed in this opinion.

It is the duty of the court in-cases like the present to instruct the jury whether or not a given state of facts, if established by a preponderance of the evidence, may or might constitute negligence. *Woolery* v. *Louisville, etc., R. W. Co.*, *supra.* . The instructions given by the court were consistent with this rule.

The appellants complain because the court, upon objection, refused to permit them to ask the plaintiff whether the defendants' coaches had been supplied with lights prior to the accident complained of. It is assumed that if the defendants habitually used coaches to which no lights were attached, and the plaintiff knew the fact when he became a passenger, he took the risk, and would have no right to complain. This position is not maintainable.

It is the carrier's duty to make reasonable provision for the safety of the passenger, and the former is supposed to know better than the latter what precautions are necessary to enable him to execute his undertaking. While the carrier is not an insurer of the sufficiency of his appliances, he does in effect insure those whom he undertakes to carry that he has not neglected any reasonable precaution necessary to make the journey safe. Unless, therefore, the instrumentalities pro-

vided by the carrier are so glaringly defective as to make it apparent to every prudent person that they are insufficient, and that the journey could not be taken with safety, the passenger may rely upon the care and foresight of the carrier. *Bradbury* v. *Goodwin*, 108 Ind. 286.

The court excluded testimony offered by the appellants tending to show that they had instructed their drivers to carry the plaintiff free of charge after the accident. The instructions given by the defendants to the drivers of their coaches, in the absence of the plaintiff, did not tend, in any proper manner, to prove any fact in issue. We find no error.

The judgment is affirmed, with costs.

