The Toledo, St. Louis and Kansas City Railroad Company *v.* Levy *et al.*

Filed Feb. 5, 1891.

No. 14,739.

The Toledo, St. Louis and Kansas City Railroad Company *v.* Levy et al.

Contract.—*Parol Negotiations.*—*Merger.*—The rule that all parol negotiations are conclusively presumed to be merged in the written contract has no application to contracts made after the execution of the writing. Written contracts may be modified, changed or rescinded by parol at any time after their execution.

Common Carriers.—*Shipment of Freight.*—*Subsequent Parol Contract.*—*Evidence.*—In an action against a railroad company for the breach of a contract for the shipment of cattle, evidence of conversations between the plaintiffs and the agent of the defendant is admissible to prove that a

written contract for transportation was abandoned, and that the cattle were shipped under a parol contract subsequently made.

From the Grant Circuit Court.

*S. O. Bayless*, for appellant.

*G. W. Harvey, H. J. Paulus* and *A. De Wolf*, for appellees.

COFFEY, J.—This was an action by the appellees against the appellant to recover damages arising out of an alleged breach of contract to transport cattle from the city of Marion, in this State, to the city of Buffalo, in the State of New York.

It is alleged in the complaint that in the month of July, 1888, the appellees were the owners of thirty-eight head of fat cattle, at Marion, Indiana, which they desired to ship to the city of Buffalo, in the State of New York, to be sold in the market on the 7th day of that month; that the appellant, through its agent, at the city of Marion, in order to induce the appellees to ship said cattle over its road, undertook and contracted with them that it would deliver, without damage or delay, all said cattle in the cattle market of said city of Buffalo, in time for the early morning market on the morning of the — day of July, 1888, which said early morning market would be not later than 8 o'clock A. M.; that in order to reach said city of Buffalo by rail, appellant was compelled to transfer its freight and cars to the Lake Shore Railroad, which runs through the city of Toledo, in the State of Ohio, over which said line appellant agreed to ship and deliver said cattle; that, pursuant to said contract, appellees did, on the 5th day of July, 1888, ship said stock over appellant's road, and that the appellant violated said contract in this, to wit : that at the said city of Toledo, the cars containing said stock were permitted, by the carelessness of appellant, and the carelessness of the said Lake Shore Railroad Company, to remain on the side-tracks and switches at Toledo for the period of seven hours during the

— day of July; that the heat of the sun was intense upon the cars containing said cattle, and that by reason of said heat one of said cattle died, and that by reason of said delay the cattle did not arrive in the city of Buffalo in time for the morning market for the — day of July, 1888 ; that, in order to sell said cattle, the appellees were compelled to and did accept therefor twenty cents less upon the hundred pounds than they would have received had said cattle been delivered at the time required by said contract; that the steer which died as aforesaid was of the value of ninety dollars.

To this complaint the appellant filed an answer consisting of three paragraphs, the first being a general denial.

The second and third paragraphs of the answer aver that the cattle named in the complaint were shipped under a written contract between the appellant and appellees, setting out the contract under which it is averred the cattle were shipped.

The appellees, among other things, replied that the contract set out in the answer had, by mutual agreement between the parties, been rescinded at a time prior to the shipment of the cattle, and that they were shipped under the verbal agreement set up in the complaint.

A trial of the cause by a jury resulted in a verdict in favor of the appellees, upon which the court, over a motion for a new trial, rendered judgment. The jury, with their general verdict, also returned answers to special interrogatories.

It is contended by the appellant that the verdict of the jury is not supported by the evidence. The contention is that the evidence conclusively proves that the cattle named in the complaint were shipped under the written contract set out in the answer, and as the appellees have declared on a verbal contract they can not recover.

It is undoubtedly true that a party can not sue upon a parol contract and recover upon a written contract. He must recover upon the case made by his complaint. A complaint

can not be made elastic so as to bend to the changing views of counsel as the cause proceeds. It must proceed to the end upon the theory upon which it is constructed. *Mescall* v. *Tully*, 91 Ind. 96; *Johnston Harvester Co.* v. *Bartley*, 81 Ind. 406.

But in this case, as we have, seen, a square issue was made by the pleadings in the cause, as to whether the shipment was made under the written contract set out in the appellant's answer, or whether it was made under a parol contract subsequently entered into between the parties.

The jury, in answer to special interrogatories, find that the shipment was not made under the contract set out in the answer, but that it was made under the parol agreement set up in the complaint. The evidence upon this issue is conflicting, but it can not be said that there is no evidence in the record tending to support the finding of the jury. Under the well known rule in this court we can not disturb the verdict of the jury on the evidence.

The rule that all parol negotiations are conclusively presumed to be merged in the written contract has no application to contracts made after the execution of the writing. Written contracts may be modified, changed or rescinded by parol at any time after their execution. *Billingsley* v. *Stratton*, 11 Ind. 396; *Ward* v. *Walton*, 4 Ind. 75; *Coyner* v. *Lynde*, 10 Ind. 282.

The court did not err in admitting in evidence conversations between the appellees and the agent of the appellant at a time subsequent to making the written contract averred in the answer.

Under the issues in the cause the appellees had the right to prove, if they could do so, that the written contract was abandoned, and that they shipped their cattle under a parol contract subsequently made. They could only prove this by detailing what was said between them and the agent of the appellant.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed.

