*McCAMMON v. PECK, RECEIVER, ET AL.

RECOVERY OF UNEARNED PORTION OF A FEE PAID IN ADVANCE.

Where an attorney dies before completing work he had undertaken to do for a specified sum, if the fee has been paid in advance, the client may recover the unearned portion of the fee.

SWING, J.

In the case of *Cox* v. *Smith*, 4 Ind., 75, it is held: " When an attorney at law engages to defend a cause for a specified sum, and dies before the cause is determined, his administrator may recover from the client, upon a *quantum meruit*, the amount which the intestate's services were really worth to him. The recovery cannot, however, exceed the contract price, or the rate of it for the part of the service performed.

This case, it seems to us, is a very clear and satisfactory statement of the American law as applied to this class of contracts, and it is fully sustained by the following cases which we have examined: 27 Ver., 645 and 759; 43 Me., 463; 19 N. J. Eq., 281, and others. In fact we find no recent American authority to be contrary. This holding is contrary to the leading English case of *Culter* v. *Powell;* but this latter case has always been criticised in this country. Kent said it "operated in some cases most unjustly," and that it had been in some cases doubted and in others denied. Judge STORY, in 2 Story, 525, doubts whether it was correctly decided.

But we are unable to find any recent American text book or decision which adheres to the rule of *Culter* v. *Powell.* And if as Kent says, it operates in some cases most unjustly, why should it be followed if a rule can be found to take its place which operates justly? Such a rule, it seems to us, is announced in the case of *Coe* v. *Smith, supra.* It is founded in right and justice. Coe had received valuable services, for which he had refused to pay, because he had not received the exact services for which he had contracted, but the contract had become impossible of performance by reason of the death of the other party, of course, by no fault of the other party. That Coe should pay for services actually received by him, under such circumstances, would seem to be nothing more than right.

The case at bar is not exactly this case, but the converse. But we are unable to see why the principle applicable should not be the same.

If McCammon had agreed to pay defendants $1,500 upon completion of the contract, and, after performing part, I. M. Jordan had died and McCammon had refused to pay any part, although admitting that services had been performed under the contract which was of the value of $250 to him, the case would be identical. What difference can it make in principle as to the rights of the parties whether McCammon had agreed to pay for certain work to be performed or had paid in advance for its performance? The reason of the law is that a person, having rendered service to another of the value of $250, should recover that amount, his death being in law a good excuse for the non-performance of the entire contract, but having received the whole consideration for the performance of the entire contract and then dying after only part performance, why should he retain the whole consideration when he had only given a part performance? Certainly it cannot be claimed that such a rule would have any foundation in right and justice. And we are unable to find any technical rule of law which requires the enforcement of such a law. All persons are presumed to contract with a view to death putting an end to contracts of this character, and the theory of the law is that death should work as little injury to either party as possible. It denies a right of action against the one dying for failure to perform and permits him to recover for the value of the services performed, although only a part of what he

* This decision was reversed by the Supreme Court; unreported.

contracted to do. . In the case at bar Jordan got paid in advance $1,500 for the performance of an entire contract. He dies, having performed a part of the *admitted* value of $250. Why should his death relieve him from damages for the non-performance of the contract and at the same time permit him to retain the whole consideration? There can be no presumption that he was to get it all if he did any more than he was not to get any if he died, and we are unable to see any reason why the rights of the parties should be different whether the money was paid or was to be paid.

The plaintiff, both upon authority and principle, is entitled to judgment on the pleadings.

The judgment of the superior court, sustaining demurrer to petition and overruling demurrer to answer of Mr. Jordan, will be reversed and cause remanded for further proceedings.

*Matthews & Cleveland*, for McCammon.

*Peck & Shaffer*, for the Receiver.

*Edward Colston*, for Mrs. Jordan.