FURMAN ET UX. v. GLUECK ET AL.

[No. 11,923. Filed February 18, 1925. Rehearing denied July 1, 1925.]

1. MORTGAGES.—*Valid contract as to method of paying mortgage cannot be repudiated by mortgagees and thus mature the mortgage note.*—A valid contract between the mortgagor and mortgagees that the amount due from the mortgagees on a contract between them and another for the purchase of a house and lot should be reduced by the amount of the mortgagor's interest therein and applied as a payment on the note secured by the mortgage could not be repudiated by the mortgagees so as to make the principal of the note due and thus authorize foreclosure. p. 404.

2. APPEAL.—*Whether mortgagor had broken contract as to method of making payment on mortgage note held question for trial court.*—In a suit to foreclose a mortgage, where the defense was made that the mortgagor and mortgagees had a valid contract that the mortgagor was to procure credit for them on a contract for the purchase of a house from another of the amount of the mortgagor's interest therein, which amount was to be credited on the mortgage note, the question as to whether the mortgagor had broken said contract was for the trial court and conclusive on appeal. p. 404.

3. BILLS AND NOTES.—*Payee of note cannot repudiate valid contract to give credit on note and enforce original note.*—The payee of a note may enter into a valid agreement with the

maker that the note may be paid by the payment of a less amount than the face of the note, and so long as such agreement is not breached by the maker, the payee cannot insist upon the performance of the original agreement.    p. 404.

4.    MORTGAGES.—*Foreclosure cannot be ordered against purchaser of mortgaged property where no breach of conditions of mortgage shown.*—In an action to foreclose a mortgage against the purchaser of mortgaged property, in the absence of a finding that the mortgagor or purchaser had breached some condition of the mortgage, there could be no foreclosure.    p. 406.

From Lake Circuit Court; *E. Miles Norton,* Judge.

Suit to foreclose a mortgage by Paul Furman and wife against David Glueck and another. · From a judgment for defendants, the plaintiffs appeal. *Affirmed.* By the first division.

*George P. Mechaely, Frank B. Pattee* and *Herbert T. Johnson,* for appellant.

*Gavit, Hall Smith & Gavit, David B. Fickle* and *George E. Hershman,* for appellee.

ENLOE, J.—This was an action by the appellants to foreclose a mortgage on certain real estate and for other relief.    The cause being at issue was submitted to the court for trial, with a request for a special finding of facts, and a statement of conclusions of law.    This was done; the conclusion stated was adverse to appellants, and their exception to the conclusion stated is the only matter presented on this appeal.    The only question we have to decide is, Upon the facts found, did the court err in its conclusion of law?

The material facts of this case are, as found by the court, in substance, as follows:    That on and prior to May 10, 1921, the appellants were the owners and in possession of certain described real estate, (a lot in the city of Gary, Indiana) on which was situated a building used for residence purposes, and in which the appellants were then residing; that, on said date, appellants sold said property to appellee David Glueck

for $3,150; that said Glueck, on said date, executed his promissory note to appellants for said sum, his wife also signing said note; that said Glueck and wife also on said day executed a mortgage on the premises purchased to secure the payment of said note; that said note was, by its terms, due in three years and bore interest at the rate of seven per cent. per annum, payable semi-annually; that, pursuant to an arrangement between the parties, the appellants continued to occupy a portion of said house, rent free, until November 1, 1921; that the note so executed was at once delivered to appellants, but appellee David Glueck retained possession of said mortgage under his promise to appellants to take the same and have it recorded; that said Glueck did not have said mortgage recorded, but returned it to the appellants about August 1, 1921, and they had it recorded on August 3, 1921.

The court further found that in closing up said transaction of the purchase of said property, appellee David Glueck took with him to the home of said Furman, a stenographer and a typewriting machine and that said note and mortgage were then and there prepared by said stenographer on said machine, as was also the deed of conveyance to said property, executed by appellants to said Glueck.

The court also found that after said note had been signed by said Glueck, he, Glueck, requested Paul Furman, one of the payees named in said note, to write his, Furman's, name on said note, in the upper left hand corner thereof on a line with and just to the left of the date written on said note, which request was, by said Furman complied with, and the name written as requested; that on several occasions between May 10 and May 20, 1921, said Glueck interviewed the appellants and solicited them to enter into a contract with the

Robert R. Cenek Company for the purchase of a lot, and the building of a house thereon by said Cenek company; that on May 20, 1921, the appellants entered into such a contract with said company, by the terms of which the appellants agreed to pay to said company, in installments, the sum of $10,650, for a certain designated lot and for a building, designated as a "flat," to be built thereon by said Cenek company, and that the appellants then and there paid to said company the sum of $500 on said contract; that appellants subsequently paid two additional installments, each in the sum of $500 on said contract; that, at the time said contract was entered into between said parties, said Glueck, who was present and who had interested appellants in said matter, and who had negotiated with them in reference thereto, told said appellants that he, Glueck, would secure them a credit of $2,150 upon their said contract with the said Cenek company, if they would give to him, and permit him to enter a credit of $2,150 upon the aforementioned promissory note; that the said appellants thereupon produced said note and permitted the said Glueck to then and there write upon said note, above and over the name of Paul Furman which had theretofore been written upon said note as heretofore stated, the following: "Received from David Glueck on account $2,150, June 20th, 1921," and that said Glueck thereupon at once returned said note to appellants, who have since been in possession of the same.

The court further found that after said contract was entered into between appellants and said Cenek company, said company proceeded with the construction of said building upon said real estate as provided for in said contract, and continued the work of constructing said building until some time in July, 1921, when said company, by reason and because of the refusal of said appellants to further carry out and comply with their

said contract of purchase, ceased work on said building; that said Glueck had máde arrangements with said Cenek company whereby the net profits of said building contract, over and above the sum of $8,500, plus the cost of negotiating certain loans and mortgages, should be applied by said Cenek company and credited to appellants upon their said contract of purchase.

The court further found that said Glueck, after he had purchased said property from appellants, sold said property to appellee James H. Stanley, on June 22, 1921; that while said negotiations were in progress, about June 13, 1921, said Glueck informed Stanley that he had purchased said property from the appellants for the sum of $3,150 and had given the appellant his note for said sum secured by a mortgage on said real estate, and that there was a credit upon said note for the sum of $2,150; that said Stanley, on or about June 13, 1921, called upon the appellant, Mary Furman, and inquired of her as to how much mortgage indebtedness remained against said property, and that said Mary Furman informed him that the remaining balance unpaid was $1,000; that thereafter said Mary Furman exhibited to said Stanley and to his attorney who accompanied him, said note and the credit thereon of said sum of $2,150 and told them that $1,000 was the amount of the balance unpaid on said note; that thereafter said Stanley purchased said property of said Glueck as being subject to a mortgage lien in the sum of $1,000, which sum and lien said Stanley assumed and agreed to pay; that said Stanley tendered to appellants, on November 12, 1921, the sum of $35, that being the semi-annual interest installment due on said sum of $1,000, which said Stanley had assumed and agreed to pay, but appellants refused to receive it, claiming that they were entitled to receive the semi-annual interest on said entire principal of said note, viz.: $3,150; that said Stanley

also tendered to appellants the interest due May 10, 1922, and November 10, 1922, which they refused to receive, and that said sums of money had been brought into court and paid to the clerk thereof, for the use and benefit of appellants; that said note did not contain any accelerating clause, but that said mortgage did provide that a failure to pay the interest thereon when due should render said principal note due.

The court further found, "that the defendant, James H. Stanley, at all times indicated in these findings, has stood, and now stands, ready and willing to pay the interest due upon the sum of $1,000, and also to pay the $1,000 principal, but that the plaintiffs refuse to accept the $1,000 and the interest accrued upon the same at seven per cent. since the date of said note, as payment in full for said note and mortgage." Other facts are found but, as they are not of controlling influence, they are not herein set out. Upon the facts found, the court stated as its conclusion of law, "that the law is with the defendants." There was a judgment that the plaintiffs take nothing by their complaint, and that the defendants recover their costs, etc.

The complaint in this case proceeds upon the theory that appellee David Glueck had failed to comply with his part of the said agreement whereby the said credit of $2,150 was placed upon said note, 1-3. and that, by reason of such failure and his failure thereafter to pay the interest on said note in November, 1921, the entire note became due, and that they are, therefore, entitled to maintain this suit. The complaint alleges that said Glueck, in consideration of said credit being given, promised that *he would pay* to the Cenek company, for the benefit of appellants, and as a credit upon their said contract, the sum of $2,150, but the complaint does not allege that any time was agreed upon or stipulated by the parties as to when such pay-

ment should be made. The trial court, however, found the fact to be that Glueck promised the appellants that he "would secure a credit of $2,150 from the said Robert R. Cenek Company upon the contract price for the purchase of said real estate," if they would enter said credit upon said note, but the time when said credit was to be entered is not found. We then have the parties in this situation, namely: The appellants have purchased certain property at and for the sum of $10,650, to be paid by appellants in installments, and the Cenek company was to proceed with the construction of the building to be erected thereon; this was May 20, 1921, and the appellants had the note of Glueck for $3,150, due May 10, 1924; Glueck had been largely, if not entirely, instrumental in getting appellants to purchase this property; as his commission on this sale, (presumably, from the facts found) he was to have all of said sale price in excess of $8,500, ($2,150) less the costs of negotiating certain loans and mortgages. So it appears that his interest in this sale was practically the amount of the said credit, so placed upon said note. His note to appellants was not yet due, but the credit of the amount stated upon the contract between the appellants and said Cenek company would be, so far as the appellants were concerned, the same as a payment in cash to said company; it would certainly be advantageous to them, and as their contract with the Cenek company did not bear interest, at least, it is not so found and it could not be of material difference to them, if they continue to carry out their said contract of purchase, when said sum was credited on their said contract, provided it was credited at any time before they had completed the payments to be made by them, aggregating the sum of $8,500. But, Glueck's interest could only be finally and exactly determined *after said house had been fully completed,* and the cost of said loan

and mortgage became known, and, in the absence of a finding as to the time when said credit was to be placed upon said contract, we think it to be fairly inferable from all the facts found that the parties did not contemplate that said credit should be at once procured and entered upon said building contract, but that the same should await the completion of said house. The contract for said credit between appellants and said Glueck was a valid one, and, so long as it remained unbroken, neither party had a right to repudiate it, to set aside its terms. The question as to whether Glueck had broken this contract was one of fact for the trial court. It was the foundation fact so far as this suit was concerned, for if there had been no such breach, this suit could not be maintained. There is no such finding in this case. As the record stands, we have an original contract for the payment of a definite sum of money at a time certain, modified by a subsequent contract as to the amount of money to be paid thereon. This modification the parties had a right to make. *Toledo, etc., R. Co.* v. *Levy* (1891), 127 Ind. 168; *Ward* v. *Walton* (1853), 4 Ind. 75; *Rhodes* v. *Thomas* (1851), 2 Ind. 638. So long as this substituted agreement remained unbreached by the other party, the appellants certainly could have no right to repudiate it and insist upon the performance by the other party of the original agreement. Authorities, *supra*.

As to appellee Stanley there is no finding that he was in any way in default as to his compliance with the terms of said note and mortgage, and consequently, no right of foreclosure of said

4.  mortgage is shown as against him. We find no error in this record.

Judgment affirmed.